

M. MARX NO. 8999

VS COURT OF APPEAL FOR THE

A.W. JACKSON : PARISH OF ORLEANS

: : : : :

- - -

WILLIAM A. BELL, JUDGE.

- - - -

 MARCH 19, 1923.

3/19/23
H J Stansbury

-1-

By WILLIAM A. BELL, Judge.

From a judgment in favor of plaintiff suing upon an open account, defendant has appealed.

The evidence in this case is convincing that the defendant, engaged as a sub-contractor to construct a bridge near the town of Bogalusa, La., and authorized his superintendent to purchase all material incident to and necessary for the building of a pile driver and other works preparatory to the main construction of the bridge; that this superintendent or manager of the works was introduced by defendant to different merchants in and about Bogalusa, though not especially to the plaintiff herein, and was held out by defendant to those in that vicinity as his representative in full charge of the said construction, with power to employ and to pay all labor, making such purchases and performing any and all acts incident to the work in question. Defendant has answered this suit with a general denial, and at the trial it is evident from his testimony that his sole contention is not that the goods in question were not delivered but that he never authorized his manager or agent to purchase same. His evidence is not at all convincing on this point and in some respects is both evasive and contradictory. When asked the direct question if he knew that the goods sued for had been delivered to or had been received by his agent, he replies positively that he did not know, and yet in almost the same breath he admits that his superintendent told him the goods had been purchased and that he, defendant. directed him to return them to plaintiff. He also denies that he gave the agent or superintendent any authority to buy goods in order to proceed with the job, but in his direct examination he admits having given full authority for the purchase of the materials he got from plaintiff's store "specifically." On the other hand, we have the positive testimony from his superintendent that he not only authorized the purchase, but that he specifically directed that the goods be bought from plaintiff's store against the superintendent's advice that they be purchased at New Or-

leans. To hold plaintiff to the strict proof usually required as to the sale and delivery of items set forth in a suit upon an open account would not be justified in this case because of defendant's own admissions on the witness stand that he knew of the purchase and delivery of the goods which he had directed to be returned to the plaintiff. A letter offered by defendant, dated February 3, 1921, and addressed to plaintiff, is also to be disregarded because of the aforesaid record-admissions. The total amount of the bill is declared by the superintendent to be correct, though some of the items, because of lost records, have not been possible of proof.

We have no doubt that the trial judge who saw and heard the witnesses has made a just and proper finding in this case. There is nothing in the record, which has been carefully examined by us, that causes us to believe the judge a qua has in any manner erred.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment appealed from be and the same hereby is affirmed, at defendant's costs in both courts.

JUDGMENT AFFIRMED. MARCH 19, 1923.